**Ana M. ABREU–VELEZ, M.D., Ph.D., Plaintiff–Appellant,**

**v.**

**BOARD OF REGENTS OF the UNIVERSITY SYSTEM OF GEORGIA, Georgia Regents University, f.k.a. Medical College of Georgia, Emory University, Defendants–Appellees.**

No. 15–11843
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 2015.

Ana M. Abreu–Velez, M.D., Atlanta, GA, pro se.

Shelley S. Seinberg, Annette M. Cowart, Samuel Scott Olens, Attorney General's Office, Jonathan Robert Poole, Mary M. Brockington, Strickland Brockington Lewis, LLP, Atlanta, GA, for Defendants–Appellees.

Before ED CARNES, Chief Judge, WILLIAM PRYOR and FAY, Circuit Judges.

## PER CURIAM:

Dr. Ana Abreu–Velez alleges that Emory University, the Board of Regents of the University System of Georgia (the Board), and Georgia Regents University—formerly the Medical College of Georgia—colluded to victimize her for reporting problems with clinical trials with which she became familiar while at the Medical College. She sued the Board, Regents University, and Emory for violating several federal and state laws. All three defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motions, concluding that some of Abreu–Velez's claims were time-barred and that she had failed to plead certain factual predicates necessary to establish the others. We agree.

Abreu–Velez worked as a research assistant and coordinator at the Medical College. Her job involved assisting with clinical trials. She believed some of those trials violated various federal and state laws and she reported her belief to her supervisors. In 2004, shortly after she reported her concerns to her supervisors, she was fired. Abreu–Velez couldn't find work elsewhere in the Medical College, but eventually got a job at Emory. She held that job until 2005, when she was fired for allegedly making a racist remark to a colleague. Abreu–Velez continued to publicize and report her concerns about the clinical trials, complaining to the FBI and the United States Attorney's Office. She says her continued complaints prompted members of the Board and officials at Regents University and Emory to orchestrate numerous "attacks against [her] person and property," ranging from interfering with her green card renewal application, to initiating baseless inquiries about her medical license, to vandalism and assault.

Abreu–Velez filed this lawsuit in 2013, alleging that the defendants violated federal and Georgia law by combining to "attack" her in retaliation for speaking out about the clinical trials. Count I of the complaint, brought under 42 U.S.C. §§ 1983 and 1985(3), alleges that the defendants conspired to and did violate her First Amendment rights. Count II alleges that their retaliatory conduct violated the Georgia Whistleblower Act (GWA), O.C.G.A. § 45–1–4. And Count III alleges that their retaliatory conduct violated the federal False Claims Act of 1986(FCA), 31 U.S.C. § 3730(h).

■ On the defendants' motions, the district court dismissed Abreu–Velez's complaint. It concluded that her GWA and FCA claims were time-barred and that her First Amendment claims "lack[ed] a plausible allegation that the adverse actions were causally related to her protected conduct." Abreu–Velez's GWA and FCA claims are time-barred. The GWA allows "[a] public employee who has been the object of retaliation" to institute a civil action, but only "within one year after discovering the retaliation or within three years after the retaliation, whichever is earlier." O.G.C.A. § 45–1–4(e)(1). For purposes of the GWA, "retaliation" is limited to "adverse employment action[s]." *Id.* at § 45–1–4(a)(5). Similarly, the FCA entitles an employee to relief if she is retaliated against "in the terms and conditions of employment" for preventing the filing of a false claim, but only if she files her retaliation claim within three years of the date on which her employer retaliated against her. 31 U.S.C. § 3730(h)(1), (3). Abreu–Velez brought this lawsuit in late 2013, even though the only adverse employment actions she alleges took place in 2004 (when she was fired from the Medical College) and 2005 (when she was fired from Emory). Her GWA and FCA claims are thus well outside the applicable statutory limitations periods.

■ Abreu–Velez's § 1983 claim fails because she hasn't pleaded facts sufficient to establish a nexus between the "attacks" of which she complains and the speech she claims prompted those "attacks." To survive a motion to dismiss, a plaintiff pursuing a First Amendment retaliation claim must allege facts establishing "a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley,* 532 F.3d 1270, 1276 (11th Cir.2008). Abreu–Velez's complaint is devoid of factual allegations that could establish such a causal nexus. For example, she alleges that her new car was vandalized in 2012 and that the office where she works was vandalized in 2013, but does not articulate any concrete factual basis for believing that these acts of vandalism were perpetrated by the defendants or caused by her complaints about the clinical trials. Likewise, she pleads "intrusions onto her residential property ... by [ ] strangers," but doesn't allege any basis for believing that those strangers were affiliated with the defendants. Such speculative and conclusory allegations won't survive a motion to dismiss. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007).

The closest her complaint comes to making out a plausible First Amendment retaliation claim is with its allegations that the former dean of Emory's medical school caused members of Emory's human resources department to "interfer[e] with the processing of [Abreu–Velez's green card renewal] application." But this allegation is based on nothing more than the allegation that some documents went missing from Abreu–Velez's application. The complaint does not provide any factual basis for inferring, as Abreu–Velez believes, that the documents were taken as opposed to mislaid, or why she thinks it was Emory employees—as opposed to someone else—who took them or arranged to have them taken. Without facts to substantiate them, her allegations about her green card renewal application are nothing more than a series of naked assertions, and naked assertions can't withstand a motion to dismiss. *Id.*

■ That leaves only Abreu–Velez's claim under § 1985(3), which the district court didn't address in its opinion dismissing the complaint. Dismissal of the § 1985(3) claim was proper because § 1985(3)—part of the Ku Klux Klan Act

of 1871—simply does not cover the kinds of wrongs Abreu–Velez alleges. To state a claim under § 1985(3), a plaintiff must plead, among other things, that her injuries stem from some "class-based invidiously discriminatory animus." *Lucero v. Operation Rescue,* 954 F.2d 624, 628 (11th Cir.1992). The complaint alleges that the defendants harmed Abreu–Velez because of her membership in the "class" of whistleblowers. Whistleblowers, however, are not the kind of "class" that § 1985(3) protects. *See Childree v. UAP/GA CHEM, Inc.,* 92 F.3d 1140, 1147 (11th Cir.1996). The district court was correct to dismiss Abreu–Velez's § 1985(3) claim.

**AFFIRMED.**